James E. Mercante (JS 4231)
Michael E. Stern (MS 9113)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Attorneys for JULES ABADI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SUSAN GARVEY,                                           07 civ 6189 (LLS)

    Plaintiff,                     **ANSWER**

 -against-

JULES ABADI,

    Defendant.
-------------------------------------------------------x

  Defendant, JULES ABADI, by his undersigned counsel, RUBIN, FIORELLA & FRIEDMAN LLP, as and for his Answer to the Complaint alleges and says as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

  2. Admits the allegations in paragraph 2 of the Complaint.

  3. Admits the allegations in paragraph 3 of the Complaint.

  4. Admits that Abadi docked his boat, but except as specifically admitted, denies the remaining allegations in paragraph 4 of the Complaint.

  5. Admits that Abadi operated his boat on or about October 3, 2006, but except as specifically admitted, denies the remaining allegations in paragraph 5 of the Complaint.

  6. Denies the allegations in paragraph 6 of the Complaint.

  7. Admits that he controlled his boat on or about October 3, 2006, but except as specifically admitted, denies the remaining allegations in second paragraph 5 of the Complaint.

  8. Admits the allegation in second paragraph 6 of the Complaint.

9. Denies the allegation in paragraph 7 of the Complaint.

10. Denies the allegations in paragraph 8 of the Complaint.

11. Denies the allegations in paragraph 9 of the Complaint.

12. Denies the allegations in paragraph 10 of the Complaint.

13. Denies the allegations in paragraph 11 of the Complaint.

14. Denies the allegations in paragraph 12 of the Complaint.

15. Denies the allegations in paragraph 13 of the Complaint.

16. Denies the allegations in paragraph 14 of the Complaint.

17. Denies the allegations in paragraph 15 of the Complaint.

18. Denies the allegations in paragraph 16 of the Complaint.

19. Denies the allegations in paragraph 17 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The alleged injuries sustained by plaintiff which, if any, and are in any event denied, were caused or contributed to by her own culpable conduct, negligence, fault, acts or omissions, and were not caused or contributed to by reason of any negligence or other acts or omissions or want of care on the part of Defendant or anyone for which he may be held legally liable, and therefore plaintiff's damages, if any, must be denied or reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's acts, omissions and/or breaches constituted comparative or contributory negligence, reducing or eliminating her recovery in this case.

## FOURTH AFFIRMATIVE DEFENSE

The incident alleged in plaintiff's complaint occurred without the fault, privity or knowledge

of Defendant, and the amount of plaintiff's damages, if any, may exceed the value of said Defendant's interest in the vessel. Defendant is therefore entitled to exoneration from, or limitation of liability, to the value of his vessel, pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 et seq., as amended.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless, negligent, and reckless and such carelessness, negligence and recklessness were the proximate and legal causes of the damages alleged.

### SIXTH AFFIRMATIVE DEFENSE

If the plaintiff has suffered damages, which is denied, any recovery from the defendant must be eliminated or reduced by reason of its failure to mitigate said damages.

**WHEREFORE**, defendants pray for the following:

1. judgment in their favor, dismissing plaintiff's complaint, with prejudice, together with costs and attorneys' fees;

2. judgment exonerating or limiting the liability of Defendant in accordance with the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 et seq. as amended;

3. all costs including reasonable attorneys' fees; and

4. such other and further relief as the court may deem just and proper.

Dated: New York, New York
July 25, 2007

                                           RUBIN, FIORELLA & FRIEDMAN LLP
                                           Attorneys for JULES ABADI

                                           By: _____
                                               James E. Mercante (JM 4231)
                                               Michael E. Stern (MS 9113)
292 Madison Avenue
New York, New York  10017
(212) 953-2381
Our File No. 567-8963

TO:  The Yankowitz Law Firm, P.C.
     175 East Shore Road
     Great Neck, NY 11023